IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SOFTTECH, LLC,                        )
                                      )
            Plaintiff,                )    TC-MD 130082C
                                      )
      v.                              )
                                      )
DEPARTMENT OF REVENUE,                )
State of Oregon,                      )
                                      )
            Defendant.                )    **FINAL DECISION**

The court entered its Decision in the above-entitled matter on February 5, 2014.  The

court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14

days after its Decision was entered.  The court's Final Decision incorporates its Decision without

change.

This matter is before the court on Plaintiff's Motion for Summary Judgment (Motion),

filed September 6, 2013.  Plaintiff's appeal, challenging Defendant's Notices of Determination

and Assessment (Notices), dated December 18, 2012, for the 2006 and 2008 tax years, was filed

March 13, 2013.  Defendant's Response to Motion for Summary Judgment (Response) was filed

October 17, 2013.  Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary

Judgment was filed November 21, 2013.  The parties' Amended Joint Stipulation of Facts in

support of their arguments was filed September 6, 2013.

I.  STATEMENT OF FACTS

"[Plaintiff] is a Limited Liability Company organized and operating under the laws of

Oregon."  (Am Joint Stip Facts at 1, ¶ 1.)  For the 2006 and 2008 tax years at issue, Scot R.

Cromer (Cromer) was Plaintiff's sole member and sole employee.  (*Id.* at 1, ¶ 2.)  Cromer

"performed services for Plaintiff in exchange for compensation.  Plaintiff did not withhold taxes

from payments made to Cromer during those years."  (Ptf's Mot Summ J at 2.)

The W-2 wage and tax statements issued by Plaintiff to Cromer for both 2006 and 2008 report withholding of Oregon income taxes. (Am Joint Stip Facts at 2, ¶ 8; *id*. at 3, ¶ 19; Def's Resp at Exs 1-2.) Cromer's personal income tax returns for 2006 and 2008 report state income tax withholdings in the dollar amounts reflected on the W-2s he received from Plaintiff for those years. (Am Joint Stip Facts at 2, ¶ 7; *id*. at 3, ¶ 18; Def's Resp at Exs 3-4.)

Cromer made estimated tax payments in three installments for both tax year 2006 and tax year 2008. (Am Joint Stip Facts at 2, ¶ 9; *id*. at 3, ¶ 20.) Cromer's 2006 and 2008 Oregon income tax returns report estimated tax payments in dollar amounts less than the actual estimated payments made for those years, as explained below. (*Id*. at 2, ¶ 10; *id*. at 3, ¶ 21; Def's Resp at Exs 3 at 2, 4 at 2.)

Both Cromer's 2006 and 2008 Oregon personal income tax returns reported refunds. (Def's Resp at Exs 3 at 2, 4 at 2.) Defendant issued Notices of Proposed Adjustment and/or Distribution for both 2006 and 2008, increasing the amount of Cromer's state tax refunds, and issued refunds to Cromer in the amounts reflected in those notices. (Am Joint Stip Facts at 2, ¶ 12-13; *id*. at 3, ¶ 23-24; Def's Resp at Exs 5-6.) The increased refunds were based on adjustments made by Defendant to Cromer's returns that increased the reported estimated tax payments to the amount Defendant received from Cromer for the two tax years. (Am Joint Stip Facts at 2, ¶ 10; *id*. at 3, ¶ 21; Def's Resp at Exs 3 at 2, 4 at 2, 5 at 2, 6 at 2.)

Defendant subsequently issued Notices against Plaintiff for 2006 and 2008. (Ptf's Compl at Exs 1-2.) The Notices include the assessment of tax, a penalty of 50 percent of the tax, and interest on the unpaid tax. (*Id.*) The Notices explain that Defendant asked Plaintiff "to file an Oregon Payroll tax return[,]" that Defendant did not receive a return, and that Defendant "figured the assessment with the best information [Defendant] ha[d]." (*Id.* at Exs 1 at 1, 2 at 1, 3, 5,7.) Plaintiff timely appealed the Notices, arguing it was not liable for the tax, penalty, or interest

Defendant imposed because Cromer timely paid all income tax due and owing on the compensation Plaintiff paid to Cromer for 2006 and 2008 and, under Defendant's administrative rule, OAR 150-316.167(1)(4), Plaintiff is relieved of the liability for failing to deduct, withhold, and remit Oregon withholding taxes on a quarterly basis as required by law. (Ptf's Compl at 2-4; Ptf's Mot at 1.)[1]

A.    *2006 tax year*

Cromer timely filed a 2006 personal income tax return with Defendant showing a net income tax of $2,339. (Am Joint Stip Facts at 2, ¶ 6; Def's Resp at Ex 3 at 2.) Cromer attached to his 2006 Oregon income tax return his 2006 W-2 issued by Plaintiff showing Oregon tax withholding in the amount of $4,004. (Am Joint Stip Facts at 2, ¶ 8; Def's Resp at 1; Def's Resp at Ex 1.) Cromer reported withholding in the amount of $4,004 on his 2006 return. (Am Joint Stip Facts at 2, ¶ 7; Def's Resp at Ex 3 at 2.) Cromer made 2006 estimated tax payments totaling $6,647 to Defendant. (Am Joint Stip Facts at 2, ¶ 9-10.) Cromer reported Oregon estimated tax payments on his 2006 Oregon income tax return of only $2,643, a difference of $4,004. (Def's Resp Ex 3 at 2.) Cromer requested a refund of $4,308 on his 2006 Oregon tax return. (*Id.*) Defendant adjusted Cromer's 2006 return, increasing his refund by $4,004, to a total refund of $8,312. (Am Joint Stip Facts at 2, ¶ 12-13; Def's Resp at Ex 5.) Defendant subsequently determined that Plaintiff had not filed quarterly payroll tax returns for Cromer, or withheld or remitted the reported withholding of $4,004, and, on December 18, 2012, issued a Notice imposing a tax on Plaintiff in the amount of $4,004, a 50 percent penalty ($2,002), and interest in the amount of $1,524.76 as of that date. (Ptf's Compl at Ex 1.) Plaintiff has appealed that assessment.

---

[1] Plaintiff incorrectly cites to OAR 150-306.167(1)(4) in its Complaint, but correctly cites and references OAR 150-316.167(1)(4) in its Motion for Summary Judgment. (Ptf's Compl at 4; Ptf's Mot Summ J at 1.)

B.      *2008 tax year*

Cromer timely filed a 2008 personal income tax return with Defendant showing a net income tax of $5,239.  (Am Joint Stip Facts at 2, ¶ 14, 17; Def's Resp at Ex 4 at 2.)  Cromer attached to his 2008 Oregon return his 2008 W-2 from Plaintiff showing Oregon tax withholding in the amount of $3,996.  (Am Joint Stip Facts at 3, ¶ 19; Def's Resp at 1; Def's Resp at Ex 2.)  Cromer reported withholding in the amount of $3,996 on his 2008 return.  (Am Joint Stip Facts at 3, ¶ 18; Def's Resp at Ex 4 at 2.)  Cromer made estimated tax payments for 2008 totaling $7,496 to Defendant.  (Am Joint Stip Facts at 3, ¶ 20-21.)  Cromer reported Oregon estimated tax payments on his 2008 Oregon income tax return of only $3,500, a difference of $3,996.  (Def's Resp at Ex 4 at 2.)  Cromer requested a refund of $2,257 for the 2008 tax year.  (*Id.*)  Defendant adjusted Cromer's 2008 return, increasing his refund by $3,996, to a total refund of $6,253.  (Am Joint Stip Facts at 3, ¶ 23-24; Def's Resp at Ex 6.)  Defendant subsequently determined that Plaintiff had not filed 2008 quarterly payroll tax returns, or withheld or remitted the reported withholding of $3,996, and, on December 18, 2012, issued four separate Notices (one for each quarter), each imposing a tax on Plaintiff in the amount of $999, a 50 percent penalty of $499.50, and interest.  (Ptf's Compl at Ex 2.)  Plaintiff has appealed those Notices.

C.      *Plaintiff's appeal*

Plaintiff challenges Defendant's Notices imposing taxes, penalties, and interest on Plaintiff for failure to file the required quarterly payroll tax returns, or pay the statutorily required income withholding tax.  (Ptf's Compl at 1-4.)  Plaintiff relies on OAR 150-316.167(1)(4), stating that "Plaintiff is not liable for withholding tax because Defendant's administrative rule relieves Plaintiff of liability for withholding tax where Plaintiff can show by proper evidence that the employee's income tax has been paid without reduction through failure to withhold."  (Ptf's Compl at 4; *See also* Ptf's Mot Summ J at 1.)  "Cromer made sufficient

estimated tax payments against his tax liability to generate refunds without any credit for payroll tax withholding." (Ptf's Mot Summ J at 3.)

In its Response, Defendant states that "the central issue in this case pertains to Plaintiff failing to file tax reports under ORS 316.202[,] independent of crediting estimated income tax payments to an employer in lieu of withholding." (Def's Resp at 1.) Defendant states that "relief under [OAR 150-316.167(1)(4)] is not relevant because Defendant pursued compliance efforts to require Plaintiff to file quarterly tax reports and subsequent withholding payments[.]" (*Id.* at 3.) Plaintiff's failure to comply with Defendant's compliance efforts resulted in Defendant "assess[ing] the tax for each tax year using the best information available (ORS 305.265(10)(a))." (*Id.* at 2.) Defendant asserts that "the best information available to Defendant was the W2 information returns Cromer submitted with his Personal Income Tax returns showing withholding for state income taxes received from Plaintiff." (*Id.* at 3.) Defendant further argues that if "Plaintiff is eligible for relief of liability, Plaintiff should not be eligible for relief from any penalties and interest" under OAR 150-316.167(1)(4). (*Id.*)

## II. ANALYSIS

### A. *Issue*

The issue before the court is what, if any, liability does Plaintiff have for failure to file quarterly payroll tax returns or withhold and remit the tax on an employee's wages for the 2006 and 2008 tax years. The issue has been presented to the court on Plaintiff's Motion for Summary Judgment.

### B. *Summary judgment standard and scope of review*

The standard for summary judgment is provided by Tax Court Rule (TCR) 47 C, which states in pertinent part:

"The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any

FINAL DECISION  TC-MD 130082C                                                                 5

material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment. The adverse party has the burden of producing evidence on any issue raised in the motions as to which the adverse party would have the burden of persuasion at trial."[2]

The parties are in agreement to all relevant facts and the issue can be decided as a matter of law.

Next the court must determine the correct standard of review. ORS 316.207(4)(c) states that: "[i]f neither the payment nor written objection to the notice of determination and assessment is received by the department within 30 days after the notice of determination and assessment has been mailed, the notice of determination and assessment becomes final."[3] The notice of determination may be appealed "to the tax court within 90 days after it became final in the manner provided for an appeal from a notice of assessment." *Id.* ORS 305.265(15) provides that "[a]ppeal may be taken to the tax court from any notice of assessment." The standard of review is *de novo*. ORS 305.425.

C.    *Employer withholding laws*

ORS 316.167(1) requires every employer to withhold taxes "at the time of the payment of wages to any employee[,]" and ORS 316.167(2) requires that "the amount withheld shall be computed on the basis of the total amount of the wages and the number of withholding exemptions claimed by the employee[.]" ORS 316.187 provides that the amount "deducted from the wages of an employee * * * shall be considered to be in part payment of the tax on such employee's income for the taxable year * * *," and ORS 316.207(1) provides that amounts

---

[2] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2005 and 2007 with respect to the employer tax withholding laws and 2011 for matters pertaining to interest and penalties and procedural appeal rights.

deducted and retained by the employer are held "in trust for the State of Oregon and for the payment thereof to the Department of Revenue in the manner and at the time provided in ORS 316.162 to 316.221."

ORS 316.168(1) requires "every employer" to "make and file a combined quarterly tax and assessment report upon a form prescribed by the department." Reports must "be filed with the Department of Revenue on or before the last day of the month following the quarter to which the report relates * * *." ORS 316.168(2). The statute further requires that "payment of any tax or assessment due" must accompany the report. ORS 316.168(3).

The employer payment and reporting requirements are essentially reiterated in ORS 316.197 and ORS 316.202. Subsection (3) of ORS 316.197 provides for the imposition of statutory interest where the required payments are delinquent and further provides that "[t]he provisions of this subsection shall not relieve any employer from liability for a late payment penalty under any other provision of law." ORS 316.207(2) authorizes Defendant to enforce collection by issuance of a distraint warrant that includes the imposition of penalties and interest.

ORS 305.265 authorizes Defendant to audit reports and returns and pursue taxpayers it believes have failed to file required reports or returns. If the taxpayer fails to file the required report or return, ORS 314.400(1) and (3) require Defendant to impose a total penalty of 50 percent of the tax. Defendant in this case has imposed a tax, penalty, and interest on Plaintiff for failing to file quarterly estimated payroll tax reports and remit the tax it was required to withhold from its employee's wages.

D.      *Plaintiff's requested relief*

Plaintiff seeks relief from liability under OAR 150-316.167(1)(4). Defendant argues that ORS 316.167 and OAR 150-316.167(1)(4) are not applicable due to Plaintiff's failure to file reports under ORS 316.202.

FINAL DECISION  TC-MD 130082C                                                                 7

OAR 150-316.167(1)(4) provides that:

"If the employer, in violation of the provisions of ORS 316.167, fails to deduct and withhold the tax, the employer nevertheless is liable to remit to the department the amount which should have been withheld. The employer shall be relieved of such liability if and when the employer can show by proper evidence and proof satisfactory to the department that the employee's income tax against which sum would have been credited has been paid without reduction through failure to withhold. Such waiver shall not operate to relieve the employer from liability for penalties, additions, or interest provided in the Act. The moneys withheld by employers from the wages of employees must be remitted promptly on the due date and no extension of time for such remittance is provided by statute or can be granted by the department. The funds involved are held by the employer in trust for the State of Oregon, and any use thereof by the employer amounts to an illegal conversion. The employer may not regard such funds as being in the same category as their own personal income tax indebtedness."

Plaintiff seeks relief under the waiver language contained in the rule. Specifically, that "[t]he employer shall be relieved of such liability if and when the employer can show by proper evidence and proof satisfactory to the department that the employee's income tax against which sum would have been credited has been paid without reduction through failure to withhold." *Id.*

E.    *Analysis*

As contained in the Amended Joint Stipulation of Facts, Defendant determined, and the parties agree, that Plaintiff's employee, Cromer, had a total tax due of $2,339 and $5,239 in 2006 and 2008, respectively. The parties are in agreement that Cromer made estimated tax payments totaling $6,647 and $7,496 in 2006 and 2008, respectively. Defendant does not claim that Cromer's income tax was not paid or was not paid in full.

The rule set forth above requires the tax to be paid for the employer to be relieved of the liability. The parties are in agreement that the tax has been paid.

The issue of whether Cromer's income taxes were correctly filed is not before the court. Any review of Cromer's individual tax return for 2006 and 2008 and any adjustments or refunds subsequently made to Cromer's return, are beyond the scope of review of this appeal and have no bearing on the outcome.

As the parties are in agreement that the tax was paid in full by Cromer in both 2006 and 2008, the waiver clause of OAR 150-316.167(1)(4) applies. Plaintiff is not liable for the employee withholding tax for 2006 or 2008. However, the waiver does not relieve Plaintiff of the penalties or interest applied on that tax.

Defendant assessed penalties under ORS 314.400 for Plaintiff's failure to file the quarterly reports required by ORS 316.202. This statute assesses penalties of five percent for failure to file, 20 percent for failure to file for a period of more than one month, and 25 percent for failure to file a report within 30 days of the notice. ORS 314.400(1), (3). The total statutory penalty authorized by the legislature in this instance (a "report or return that is required to be filed more frequently than annually") is 50 percent, the amount Defendant imposed. ORS 314.400(3); *see also* ORS 314.400(1). "Each penalty under this section is in addition to any other penalty imposed under this section." ORS 314.400(8). ORS 314.400(7) provides the ability to collect interest on the unpaid tax, and sets the interest rate on the unpaid tax. *See also* ORS 305.220. Defendant has appropriately applied interest and penalties to the tax liability Plaintiff did not pay. OAR 150-316.167(1)(4) does not waive Plaintiff's liability to pay the additional penalties or interest. The relevant language provides: "[s]uch waiver shall not operate to relieve the employer from liability for penalties, additions, or interest provided in the Act." OAR 150-316.167(1)(4).

## III. CONCLUSION

Plaintiff failed to withhold employee income tax for the 2006 and 2008 tax years. Plaintiff's liability for employee withholding tax in the 2006 and 2008 tax years is waived by OAR 150-316.167(1)(4). Plaintiff's liability for the penalties and interest associated with failure to pay employee withholding tax for the 2006 and 2008 tax years is not waived by OAR 150-316.167(1)(4). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's liability for employee withholding tax in the 2006 and 2008 tax years is waived by OAR 150-316.167(1)(4).

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's liability for the penalties and interest associated with failure to pay employee withholding tax for the 2006 and 2008 tax years is not waived by OAR 150-316.167(1)(4).

IT IS THE FURTHER DECISION OF THIS COURT that Plaintiff's motion is granted in part and denied in part.

Dated this ____ day of February 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on February 24, 2014. The court filed and entered this document on February 24, 2014.*